IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 95-30057
Summary Calendar
S))))))))))))))Q

BELINDA TUMINSKI,

Plaintiff-Appellant,

versus

NCR CORPORATION,

Defendant-Appellee.

S))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Middle District of Louisiana
CA 94 108 B
S))))))))))))))))))))))))Q
August 17, 1995

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Belinda Tuminski (Tuminski) filed this
Louisiana law products liability suit January 18, 1994, against
defendant-appellee NCR Corporation (NCR) in Louisiana state court
for personal injurySQnamely CTSSQallegedly resulting from her use,

[*] Local Rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

in her employment at Hibernia National Bank (the Bank), of a check encoding machine manufactured by NCR and leased by it to the Bank. NCR removed the case to the court below on the basis of diversity. At the same time, there was also pending in the court below a similar suit by Marilyn Hopkins, a co-employee of Tuminski's, against NCR, likewise claiming CTS resulting from her use at the Bank during much of the same time of NCR's check encoding machine. In both suits, the plaintiffs were represented by the same counsel, as was also NCR, and the plaintiffs utilized the same expert on liability.

The cases were consolidated for discovery purposes. The magistrate judge, who heard the cases by consent, granted NCR's motion for summary judgment in the Hopkins case by memorandum of October 28, 1994, an amended memorandum being issued November 17, 1994 (a copy of this November 17 memorandum is included in Tuminski's record excerpts). The magistrate judge ruled that there was no showing of any viable products liability claim in respect to the check encoding machine under the Louisiana Products Liability Act (La. R.S. 9:2800.51-59) and that it barred claims under Louisiana Civil Code Art. 2317. On November 8, 1994, in the Tuminski case NCR moved for summary judgment on all the same grounds that it had in the Hopkins case (supported, *inter alia*, by the deposition of plaintiffs' liability expert), relying on the October 28 opinion. However, NCR's motion in the Tuminski case included in addition an assertion that the claim was in any event barred by prescription (an issue not raised in the Hopkins case motion).

Shortly thereafter, plaintiffs' counsel moved to stay proceedings in the Tuminski case because notice of appeal had been filed in the Hopkins case, the cases involved "similar fact issues," and it would serve judicial economy to await "final resolution of the legal issues" in the Hopkins case. The magistrate judge apparently informed the parties by telephone that she would not grant the motion to stay, but would consider NCR's motion for summary judgment on the prescription issue.

On December 2, 1994, the magistrate judge issued her ruling on NCR's motion for summary judgment. She concluded, for the same reasons as in her previous order in the Hopkins case, that the Louisiana Products Liability Act barred any claims under article 2317. She also concluded that any claims under the Products Liability Act were prescribed by not later than January 8, 1994, since by not later than January 8, 1993, Tuminski knew or should have known that there was a reasonable possibility that her injuries were caused by use of the NCR machine.

On April 21, 1995, after the present case was fully briefed on appeal, this Court affirmed the summary judgment for NCR in the Hopkins case "[f]or the reasons given in the magistrate judge's Amended Ruling and Order filed November 17, 1994." *Hopkins v. NCR*, No. 94-30675 (5th Cir. April 21, 1995) (unpublished).

Having carefully considered the record and briefs, and being generally in agreement with the magistrate judge's thorough and well-considered December 2, 1994, memorandum opinion, we conclude that the judgment below is correct and should be, and it is hereby,

AFFIRMED.